# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-413-RJC-DCK

| | |
|---|---|
| CARLA MATTHEWS, and all similarly situated individuals, ) ) ) Plaintiffs, ) ) v. ) HYATT CORPORATION, ) ) Defendant. ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Count II Of Plaintiff's First Amended Complaint" (Document No. 35) and "Plaintiffs' Unopposed Motion For Leave To File Second Amended Complaint And To Stay All Proceedings Pending Outcome Of Voluntary Mediation" (Document No. 54). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will direct that the motion to dismiss be <u>denied</u> as moot and that the motion to amend be <u>granted</u>.

## BACKGROUND

Plaintiff Carla Matthews ("Plaintiff" or "Matthews") initiated this action on behalf of herself and all others similarly situated with the filing of a "Collective And Class Action Complaint With Jury Demand" (Document No. 1) on July 14, 2017. The Complaint asserts claims against Defendant Hyatt Corporation ("Defendant" or "Hyatt") for: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. – failure to pay overtime; (2) breach of contract; and (3)

violation of the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1, *et seq*. (Document No. 1).

"Defendant's Motion To Dismiss Count II Of Plaintiff's Complaint" (Document No. 24) was filed on September 15, 2017. Plaintiff Matthews then filed the "First Amended Collective And Class Action Complaint With Jury Demand" (Document No. 29) (the "Amended Complaint") on October 6, 2017. The Amended Complaint asserts the same claims as the original Complaint. (Document No. 29).

Now pending before the Court is "Defendant's Motion To Dismiss Count II Of Plaintiff's First Amended Complaint" (Document No. 35), filed on October 25, 2017. In addition, Plaintiff Matthews filed another motion to amend – "Plaintiffs' Unopposed Motion For Leave To File Second Amended Complaint And To Stay All Proceedings Pending Outcome Of Voluntary Mediation" (Document No. 54) on May 17, 2018.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

**DISCUSSION**

By the motion to amend, Plaintiffs report that the parties have agreed to voluntarily mediate this case on July 19, 2018; and that Defendant does not oppose the filing of a Second Amended Complaint, but requests additional time to respond to the Second Amended Complaint. (Document No. 54, p.2). Noting the parties' agreement, the undersigned will allow the motion to amend and allow Defendant additional time to file a response. However, further extensions of the deadlines in this case are unlikely to be allowed.

Plaintiff's Second Amended Complaint will supersede the First Amended Complaint; therefore, the undersigned will direct that "Defendant's Motion To Dismiss Count II Of Plaintiff's First Amended Complaint" (Document No. 35) be denied as moot. Defendant may file a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Unopposed Motion For Leave To File Second Amended Complaint And To Stay All Proceedings Pending Outcome Of Voluntary Mediation" (Document No. 54) is **GRANTED**. Plaintiffs shall file their Second Amended Complaint on or before **May 21, 2018**.[1]

**IT IS FURTHER ORDERED** that the parties shall file a Status Report or Notice Of Settlement, following their mediation, but no later than **July 26, 2018**. If this matter is not settled, Defendant shall file an Answer, or otherwise respond to the Second Amended Complaint, on or before **August 3, 2018**.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Dismiss Count II Of Plaintiff's First Amended Complaint" (Document No. 35) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 17, 2018

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

4