# EXHIBIT 2

# SETTLEMENT AGREEMENT

Plaintiffs Carla Matthews, Faith Holloway, Theresa Gibson, Dina Bartolini, and Rita Taketa ("Plaintiffs"), individually and on behalf of all other allegedly similarly situated individuals who filed consent forms to participate in this collective action lawsuit as Opt-In Plaintiffs and the class of individuals that they seek to represent (as hereinafter defined), and Defendant Hyatt Corporation, and any of its parents, subsidiaries, and/or affiliates ("Defendant") (Plaintiffs and Defendant collectively referred to as the "Parties"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Settlement Agreement, hereby stipulate and agree, subject to Court approval pursuant to Fed. R. Civ. P. 23, as follows:

## Recitals

WHEREAS, on July 14, 2017, Carla Matthews filed a lawsuit against Defendant in the U.S. District Court for the Western District of North Carolina, Case No. 3:17-cv-00413, seeking unpaid back wages under the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act ("NCWHA"), and under state common law contract law, as both a collective action and Rule 23 class action (the "Action").

WHEREAS, in October 2017, the Parties stipulated as to conditional collective action certification under § 216 of the FLSA, notice was issued to approximately 1,030 putative collective members, and approximately 204 individuals filed consent forms to opt in and join the FLSA claim.

WHEREAS, on May 18, 2018, Plaintiffs filed a Second Amended Complaint, adding Faith Holloway, Theresa Gibson, Dina Bartolini, and Rita Taketa to Carla Matthews as named Plaintiffs, and adding putative Rule 23 class action claims under the state wage-hour laws of Colorado, Illinois, Missouri, North Carolina, and Ohio to the FLSA claim and common law breach of contract claim.

WHEREAS, on July 19, 2018, the Parties attended mediation at JAMS in Chicago, Illinois, with retired federal judge the Honorable Morton Denlow, where this Settlement was reached as a result of extensive and contested arm's-length negotiations between the Parties and their counsel.

WHEREAS, before entering in to this Settlement Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the claims, potential remedies, and all defenses thereto, including as to both the merits and class certification. During the settlement negotiations and mediation, the Parties exchanged sufficient information, records, and wage-and-hour related data to permit the Parties and their respective counsel to evaluate the claims and potential defenses and engage in meaningful and informed settlement discussions.

WHEREAS, this Settlement Agreement and all associated exhibits is made for the sole purpose of settling the Action on a collective and class-wide basis. This Settlement Agreement is made in compromise of bona fide disputed claims. Because the Action was pled as a class and/or collective action, this Settlement Agreement must receive both preliminary and final

approval by the Court. Accordingly, the Parties enter into this Settlement Agreement on a conditional basis. In the event the Court does not enter an Order of Final Approval, or in the event the associated Judgment does not become a Final Judgment for any reason, this Settlement Agreement shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any party for any purpose whatsoever. Further, the negotiation, terms, and entry of this Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any other analogous rules of evidence that are applicable.

WHEREAS, Plaintiffs believe that the claims settled herein have merit, but Plaintiffs and Plaintiffs' Counsel recognize and acknowledge the uncertain outcome and risk of any litigation. Plaintiffs also recognize the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions as well as the difficulties and delay inherent in such litigation. They also believe that the settlement set forth in this Settlement Agreement confers substantial benefits upon Plaintiffs and other similarly situated individuals. Based on their evaluation of the above, Plaintiffs have determined that the settlement set forth in the Settlement Agreement is in the best interest of the Plaintiffs.

WHEREAS, Defendant vigorously denies and continues to dispute all of the claims and contentions alleged in the Action and denies any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and other similarly situated individuals. Defendant also has considered the risks and potential costs of continued litigation of the Action, on the one hand, and the benefits of the proposed settlement, on the other hand, and desires to settle the Action upon the terms and conditions set forth in this Settlement Agreement.

WHEREAS, in order to avoid protracted litigation and the associated legal costs and expenses, the Parties desire to conclusively and finally resolve and settle all alleged unpaid wage claims in controversy between Plaintiffs, including all individuals who worked for Defendant as Remote Associates from January 11, 2015 to the date of preliminary approval who do not opt out of this settlement, and Defendant.

The Parties hereby agree and represent that, in consideration of the respective obligations and rights set forth herein between the Parties and other adequate consideration, the receipt and sufficiency of which is acknowledged, the Parties covenant and agree as follows:

**Definitions**

The following terms have the following meanings, unless this Settlement Agreement specifically provides otherwise:

1.      "Action" shall mean the lawsuit entitled *Carla Matthews et al. v. Hyatt Corporation*, Case No. 3:17-cv-00413, pending in the United States District Court for the Western District of North Carolina.

2.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action and the Settlement, as described in Paragraphs 38 to 42 of this Settlement Agreement.

2

3. "Class" means all current and former hourly Remote Associates who worked for Defendant from January 11, 2015 to the date of preliminary approval of this settlement.

4. "Class Counsel" means the law firms of Sommers Schwartz, P.C., and Kreis Enderle Hudgins & Borsos, P.C.

5. "Class Member(s)" means any member of the Class who does not submit timely Opt-Out Form and elect exclusion from the Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement and the Class Notice.

6. "Class Notice" shall mean the Notice provided to the Class as provided herein and directed by the Court.

7. "Defense Counsel" means those attorneys and firms representing Defendant in this Action identified as Seyfarth Shaw LLP.

8. "Effective Date" means the 31st day after the Final Order and Final Judgment have been entered. However, if no objections to the Settlement are filed, the Effective Date shall mean the date on which the Final Order and Final Judgment have been entered.

9. "Fairness Hearing" means the hearing, or other manner of "dismissal or compromise" as provided by Rule 23(e), that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate and rule on any objections; (c) ruling upon an application for Incentive Awards by the Plaintiffs; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Incentive Awards. The Parties shall request that the Court schedule the Fairness Hearing or other final disposition in a manner in compliance with Rule 23 and approximately 90 days from the entry of the preliminary approval order or mailing of Class Notice, whichever is later.

10. "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice.

11. "Notice" means the notice of class action settlement, substantially in the form attached hereto as Exhibit "A."

12. "Notice Date" means the first date upon which the Class Notice is disseminated.

13. "Opt-In Plaintiffs" means the approximately 204 individuals who filed consent forms to opt in and join the FLSA claim, and also includes the Named Plaintiffs.

14. "Opt Out Form" means the instructions and opt-out form, substantially in the form attached hereto as Exhibit "B."

15. "Parties" means Defendant, named Plaintiffs and all Opt-In Plaintiffs, collectively, as each of those terms is defined in this Settlement Agreement.

3

16.     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "C."

17.     "Release" and "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist as of the Preliminary Approval Order date by Plaintiffs and all Class Members (and Plaintiffs and Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were asserted or that could have been reasonably asserted in the Action against and/or between the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to Defendants' alleged failure to pay for work performed in any position during employment with Defendants, including for unpaid overtime, unpaid wages, and for damages or compensation of any kind for allegedly unpaid work, including for costs, expenses, and attorneys' fees, whether such claim arises under common law or pursuant to federal or state statue, ordinance, or regulation, including all claims under the Fair Labor Standards Act or any similar state wage and hour laws and includes the release set forth in Paragraphs 43 through 46 of this Settlement Agreement and in the Final Order and Judgment.

18.     "Released Parties" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means the Defendant, and each of its past, present, and future parents, subsidiaries, affiliates, board members, employees, assigns, attorneys, agents, advertising agencies, servicers, consultants, heirs, guardians, executors, administrators, representatives, partners, successors, predecessor-in-interest, officers, and directors.

19.     "Releasing Parties" means Plaintiffs, Opt-In Plaintiffs, and all Class Members, and each of their respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives.

20.     "Settlement" means the terms and conditions of settlement embodied in this Settlement Agreement.

21.     "Settlement Administrator" means the qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Class Notice.

22.     "Settlement Agreement" means this document and its exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

23.     "Settlement Fund" means the Seven Hundred and Twenty-Five Thousand Dollars and No Cents ($725,000.00) that Defendant will pay as consideration for the release of all claims and the Action as provided in this Settlement Agreement.

24.     "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) all costs of notice and administration, (b) the incentive awards to the

4

Plaintiffs as approved by the Court ("Incentive Awards"), and (c) the Attorneys' Fees and Expenses.

**Submission of the Settlement to the Court for Review and Approval**

25.     On or before August 23, 2018 Class Counsel shall file a Joint Motion for Preliminary Approval and seek entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "C") for the purpose of, among other things:

(a)     Approving the Class Notice, substantially in the form set forth in Exhibit "A," of the Settlement Agreement as meeting the requirements of Fed. R. Civ. P 23(c)(2).

(b)     Finding that the requirements of Fed. R. Civ. P 23(a) and (b)(3) are satisfied, appointing Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class, and preliminarily approving the settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Settlement Agreement;

(c)     Scheduling the Fairness Hearing pursuant to Fed. R. Civ. P 23(e) on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice;

(d)     Determining that the notice of the settlement and of the Fairness Hearing, as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23;

(e)     Appointing the Settlement Administrator;

(f)     Directing that Class Notice shall be given to the Class as provided in the Settlement Agreement;

(g)     Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Stipulation and Settlement Agreement, and/or the entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in the Settlement Agreement;

5

(h) Establishing dates by which the Parties shall file and serve all motion papers in support of the application for final approval of the Settlement, Attorneys' Fees and/or in response to any valid and timely objections;

(i) Providing that all Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such Class Members timely file valid Opt-Out Forms requesting exclusion or in accordance with this Settlement Agreement and the Class Notice;

(j) Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid Opt-Out Form requesting exclusion to the Settlement Administrator;

(k) Directing the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(l) Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

(m) Pending the Fairness Hearing, enjoining Plaintiffs and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

26. Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner directed and approved by the Court.

27. At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Judgment which shall, among other things:

(a) Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b) Finally approve this Settlement Agreement and the Settlement pursuant to Rule 23(e);

(c) Certify the Class for purposes of settlement;

(d) Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Incorporate the Mutual Release set forth in this Settlement Agreement and make the Mutual Release effective as of the date of the Final Order and Judgment;

(f)     Authorize the Parties to implement the terms of the settlement;

(g)     Dismiss the Action with prejudice;

(h)     Award Attorneys' Fees and Expenses and Incentive Awards; and

(i)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Order and Judgment, any final order approving Attorneys' Fees and Expenses and Incentive Awards, and for any other necessary purpose.

28.     The Parties agree that the notice plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

**Settlement Consideration**

29.     Defendant will pay the sum of Seven Hundred and Twenty-Five Thousand Dollars and No Cents ($725,000.00) to create the Settlement Fund for the benefit of eligible Class Members pursuant to the terms of this Settlement Agreement.  Defendant's payment obligations of the Settlement Fund shall proceed as follows:

(a)     Initial Deposit: Within ten (10) business days after the entry of the Preliminary Approval Order Defendant shall pay the sum of Twenty Thousand Dollars and No Cents ($20,000.00) (the "Initial Deposit") to the Settlement Administrator for the notice and administration expenses that will be incurred to provide notice to the Class Members, and administer the settlement.  This deadline may be extended by mutual consent of the Parties.

(b)     Balance Payment: No later than ten (10) business days after the Final Approval Order is entered, Defendant shall pay an amount equal to the Settlement Fund less the Initial Deposit into an escrow account (the "Escrow Account") to be administered by the Settlement Administrator pursuant to the terms of this Settlement Agreement.  All valid claims paid to Class Members (excluding Defendant's share of payroll withholdings tax), costs of notice and administration, Incentive Awards to the Plaintiffs approved by the Court, and the Attorneys' Fees and Expenses, shall be paid from the Settlement Fund.  The Parties agree that the Settlement Fund and Defendant's payment of Seven Hundred and Twenty-Five Thousand Dollars and No Cents ($725,000.00) is the full extent of Defendant's payment obligation under this Settlement Agreement.  With the exception of its share of payroll withholdings tax, Defendant shall not be liable for

payment of any costs, expenses, or claims beyond their Initial Deposit or Balance Payment of the Settlement Fund into the Escrow Account.

30.    Class members who do not file an Opt-Out Form shall be eligible for payment from the Settlement Fund Balance as provided in this Settlement Agreement, subject to the terms and conditions of this Settlement Agreement.

31.    Each individual who files an Opt-Out Form will be deemed as having opted out of the Rule 23 class and, to the extent that individual has already filed a consent form to join the FLSA claim, will be deemed as having withdrawn that consent form. In other words, class members may not opt out of participating in the settlement for one claim and not the other; it must be both.

32.    A class member who does nothing will be deemed to be in the Rule 23 class. To opt out of the Rule 23 class a class member must file a timely Opt-Out Form.

33.    Defendant agrees to pay, through the Settlement Administrator, to all class members who do not file a timely Opt-Out Form, as follows:

(a)    To all Opt-In Plaintiffs, and all Class Members who reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $9.64 per workweek.

(b)    To Class Members who did not file consent forms to opt in to the FLSA claim and who do not reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $2.30 per workweek.

(c)    If necessary, all settlement payments to Opt-In Plaintiffs and Class Members will be reduced and paid on a *pro rata* basis from the Settlement Fund Balance.

34.    The Parties agree to the following with respect to taxes:

(c)    For tax purposes, 50% of the payment made to Opt-In Plaintiffs and Class Members as settlement benefits shall be treated by the Parties as wages subject to appropriate payroll withholdings and shall be reported on an IRS Form W-2. The remaining 50% of such payments shall be treated by the Parties as additional, non-wage damages, liquidated damages and penalties, and interest, not subject to payroll withholdings, and shall be reported on an IRS Form 1099. The IRS Form 1099 for each Opt-In Plaintiff and Class Member shall include a *pro rata* share of attorneys' fees.

(d)    Defendant shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including any federal and state unemployment tax due, with respect to the amounts treated as wages.

(e)     Opt-In Plaintiffs and Class Members will be solely and exclusively responsible for all taxes, interest and penalties of any nature, owed with respect to any payment received by them pursuant to this Agreement (other than taxes specified above and paid by Defendant) and will hold Defendant, Class Counsel, and the Settlement Administrator harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of an Opt-In Plaintiff or Class Member's failure to timely and properly pay such taxes.

35.     Any payments made to Opt-In Plaintiffs and/or Class Members from the Settlement Fund Balance in accordance with Paragraph 33 that are unclaimed or uncashed shall be provided to The Employee Rights Advocacy Institute for Law & Policy.

36.     In recognition of the time and effort the representative plaintiffs expended in pursuing the Action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Class Members by the Settlement, Class Counsel may ask the Court for the payment of an Incentive Award from the Settlement Fund to specific class representatives. Defendant does not oppose an application for the following Incentive Awards by Class Counsel to the extent that the awards are paid from the Settlement Fund:

(a)     If approved by the Court as petitioned by Class Counsel, Carla Matthews shall receive $5,000 as an incentive award.

(b)     If approved by the Court as petitioned by Class Counsel, the following four plaintiffs named in the Second Amended Complaint shall each receive $1,000 as incentive awards.

- Faith Holloway
- Theresa Gibson
- Dina Bartolini
- Rita Taketa

37.     Plaintiffs and Class Counsel agree that Defendant shall not pay, or be obligated to pay, in excess of any award of incentive payments by the Court, and that in no event shall Defendant be obligated to pay any amount in excess of the Settlement Fund (except its share of payroll withholdings tax). Incentive payments as awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account.

38.     Class Counsel will make an application to the Court for an award of Attorneys' Fees in the Action that will not exceed thirty-three and one-third (33 1/3%) percent of the Settlement Fund, or Two Hundred and Forty-Two Thousand Dollars and No Cents ($242,000.00), for time and expenses incurred up to the submission of the application to the Court prior to the Fairness Hearing, and anticipated time spent through closure of the settlement claims process.

9

39.     Class Counsel will make an application to the Court for reimbursement of actual costs, including administration costs ("Expenses") incurred in the Action in an amount currently estimated as approximately Forty Thousand Dollars and No Cents ($40,000.00).

40.     Defendant has been made aware of Class Counsel's application for Attorneys' Fees and Expenses. The amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Defendant be obligated to pay any amount in excess of the Settlement Fund.

41.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Settlement Fund by the next business day after deposit of the Balance Payment pursuant to Paragraph 29.  Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses amongst Class Counsel. Defendants shall have no liability, obligation, participation in or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded.

42.     The Parties agree that the procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and the Parties anticipate that they will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement.  Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to modify, terminate or cancel this Settlement Agreement or otherwise affect or delay the effectiveness or finality of the Final Order and Judgment or the Settlement.

**Release and Dismissal of Action**

43.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the claims alleged in the Action and as set forth herein.  In furtherance of this release, the settlement checks shall contain, on the back of each check, the following printed language:

CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS

By endorsing this check, I consent to join the class and collective action titled *Matthews, et al. v. Hyatt Corporation*, Case No. 3:17-cv-00413 (W.D.N.C), and release Defendant Hyatt Corporation (including any of its parents, subsidiaries, and/or affiliates, officers, directors, employees, managers, agents etc.) from all wage and hour claims, whether such claim arises under common law or pursuant to federal or state statute, ordinance, or regulation, including all claims under the Fair Labor Standards Act or any similar state wage and hour law that was brought (or could have been

brought) in this action, including but not limited to claims for unpaid overtime, unpaid wages, and for damages or compensation of any kind for allegedly unpaid work, including for costs, expenses, and attorneys' fees, pertaining to any portion of my employment as a Remote Associate from January 11, 2015 to August 10, 2018. The foregoing language may not be modified or amended, and will be deemed accepted as originally printed upon cash/deposit of the settlement check.

This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Releasing Parties execute this Agreement, and it does not prohibit Releasing Parties from filing an administrative charge with a governmental or regulatory agency or participating in an agency investigation.

44.     Members of the Class who have requested exclusion from the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

45.     The Court shall enter an order retaining jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

46.     Upon the Effective Date: (a) this Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

**Administration of Settlement**

47.     The Parties shall jointly recommend and retain Simpluris, Inc. to be the Settlement Administrator. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential, and to use such information solely for purposes of settlement administration under this Agreement. Following the Court's preliminary approval of this Settlement Agreement and the Court's appointment of the proposed Settlement Administrator, Defendants shall within 7 calendar days provide the final class list with the last known mailing addresses for mailing of Class Notice purposes to the Settlement Administrator, who, in turn, shall within fourteen (14) calendar days of receipt of the class list with mailing addresses, mail via First Class United States mail, the Notice of Class Action Settlement and Opt-Out Form to all Class Members using each individual's last known address as recorded in Defendant's records, or as provided by Class Counsel for any Opt-in Plaintiff (each, a "Notice Packet"). The mailings shall be done in accordance with assistance from Defendants' Counsel, to the extent necessary and in order to minimize settlement administration costs. If a Notice Packet mailed to a Class Member is returned with a forwarding address provided by the Postal Service, it shall be re-mailed to the forwarding address provided. If a Notice Packet mailed is designated as undeliverable by the Postal Service or otherwise designated by the Postal Service as having been sent to an invalid

address, the Settlement Administrator shall take reasonable steps to obtain the correct address of any Class Member and shall attempt to re-mail the Notice Packet no more than one additional time, for a total of two mailings.

48.     Class Members will have thirty (30) days from the date the Notice Packets are mailed to return to the Settlement Administrator an Opt-Out Form to be excluded from the Settlement.

49.     Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall submit, and Class Counsel shall file with the Court, an updated list of those persons who have submitted Opt-Out Forms to exclude themselves from the Settlement.

50.     The Settlement Administrator shall distribute benefits to eligible Class Members within twenty-one (21) days after the Effective Date.

51.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement, except for the costs and expenses of the Settlement Administrator, which shall be paid out of the Escrow Account, and for which Plaintiffs and/or Class Counsel are not responsible.

52.     In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation: (a) arranging for the printing and dissemination of the Notice pursuant to the requirements of this Settlement Agreement; (b) responding to requests from Class Counsel and/or Defense Counsel; (c) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (d) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (e) establishing a post office box for the receipt of exclusion requests and any correspondence; and (f) otherwise implementing and/or assisting with the claim review process and payment of the claims.

53.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall:

   (a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Settlement Agreement or by court order;

   (b)     Receive Opt-Out Forms for exclusion and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall

promptly provide Class Counsel and Defense Counsel with copies thereof; and

    (c)    Receive and maintain all correspondence from any Class Member regarding the Settlement.

54.    The Settlement Administrator shall be reimbursed from the Settlement Fund for reasonable costs, fees, and expenses of providing notice to the Class and administering the Settlement in accordance with this Settlement Agreement in accordance with the approved contract terms.

55.    No person shall have any claim against Defendants, Defense Counsel, Plaintiffs, the Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement Agreement.

56.    In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Defendant, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced. No party shall unreasonably withhold consent to remove the Settlement Administrator. The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

57.    The Settlement Administrator shall coordinate with the attorneys to provide notice as required by Rule 23 and ordered by the Court.

## Objections and Requests for Exclusion

58.    Members of the Class who fail to file with the Court and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel timely written objections in the manner specified in this Settlement Agreement and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

59.    Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing a written objection with the Court, send the written objection by U.S. mail to the Settlement Administrator with a copy by U.S. mail to Class Counsel and Defense Counsel postmarked no later than the date specified in the Preliminary Approval Order (currently 30 days after notice is mailed). Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number. Objections must be served on Class Counsel and Defense Counsel as follows:

Upon Class Counsel at:

SOMMERS SCHWARTZ, P.C.
Jason J. Thompson
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com

KREIS ENDERLE HUDGINS & BORSOS, P.C.
Jesse L. Young
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com

Upon Defense Counsel at:

SEYFARTH SHAW LLP
Noah A. Finkel
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
nfinkel@seyfarth.com

60.    No member of the Class shall be entitled to object to the Settlement, and no
written objections or briefs submitted by any member of the Class shall be received or
considered by the Court at the Fairness Hearing, unless written notice of the objecting class
member's intention to appear at the Fairness Hearing and copies of any written objections and/or
briefs shall have been filed and served on the Settlement Administrator, Class Counsel, and
Defense Counsel on or before the date specified in the Preliminary Approval Order.  Objections
that are mailed to the Court, or objections that are served on the Parties but not filed with the
Court, shall not be received or considered by the Court at the Fairness Hearing.

61.    Members of the Class may elect to be excluded from the Settlement, relinquishing
their rights to benefits hereunder, by completing and submitting an Opt-Out Form.  If a member
of the Class elects to be excluded from the Settlement by completing and submitting an Opt-Out
Form, such exclusion will apply to any and all wage related claims that were potentially eligible
for benefits under the Settlement Agreement.  Members of the Class who request to be excluded
from the Settlement by completing and submitting an Opt-Out Form will not release their claims
pursuant to this Stipulation and Settlement Agreement.  Any Opt-Out Form must be postmarked
on or before the exclusion deadline provided in the Court's Preliminary Approval Order
(currently 30 days after notice is mailed).  The date of the postmark on the return-mailing
envelope shall be the exclusive means used to determine whether an Opt-Out Form has been
timely submitted.  Members of the Class who fail to submit a valid and timely Opt-Out Form on
or before the date specified in the Court's Preliminary Approval Order shall be bound by all
terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether
they have requested exclusion from the Settlement.

62.    Any member of the Class who submits a timely Opt-Out Form may not file an
objection to the Settlement and shall be deemed to have waived any rights or benefits under this
Settlement Agreement, including objecting to the Settlement Agreement.

63. The Settlement Administrator shall promptly provide copies of all requests for exclusion, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel. Not later than one (1) business day after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the Opt-Out Forms and any additional information necessary to determine the amount or percentage of settlement value excluded based on the timely submitted Opt-Out Forms.

64. If more than 10% of the Class Members exercise their right to opt out and be excluded from the Class and the Agreement by submitting a valid and timely Opt-Out Form, Defendant shall have the right, notwithstanding any other provisions in this Agreement, to withdraw from the Agreement and Settlement, where upon the Agreement will become null and void for all purposes, and may not be used or introduced in further litigation or any other proceeding of any kind, as to liability, damages, or any other matter, including whether any class is certifiable. To be effective, Defendant must confirm its election to withdraw from the Settlement in writing no later than three (3) business days after receiving the Settlement Administrator's complete exclusion list as described in the preceding paragraph.

**Scope and Effect of Class Certification Solely for Purposes of Settlement**

65. For purposes of Settlement only, the Parties agree to seek provisional certification of the Class. The Parties further agree that they will ask the Court to make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "C") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Judgment, and appointing the Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

66. Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action. Defendant's agreement to class certification for purposes of the Settlement does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative members of the Class.

67. If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph. Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Settlement Agreement is not consummated and the case is later litigated and contested by Defendant.

**Non-Disclosure**

68. . Class Counsel agrees that they will not issue a press release concerning the Settlement and will not contact any media outlet regarding the Settlement, nor will they cause,

15

encourage, request, or suggest that any third party do so. The Parties agree that Class Counsel may report the Settlement in general terms on their firm websites and in their CVs or other similar documents, without linking the amount or terms of the Settlement to Defendant or Defense Counsel. If contacted by the media, Plaintiffs and Class Counsel will in substance state only that the Action and all disputes among the Parties have been resolved to the satisfaction of the Parties, without providing any additional information regarding the Action, the Settlement, or this Settlement Agreement.

## Entire Agreement and Modification

69.     This Settlement Agreement and exhibits set forth the entire agreement and understanding between the Parties and supersedes any prior oral or written agreements or understandings between them regarding its subject matter.

70.     This Settlement Agreement may be executed in one or more counterparts, all of which together shall constitute one Settlement Agreement, and each of which separately shall constitute an original document.

71.     The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Settlement Agreement.

## No Admission of Liability

72.     Defendant expressly denies any wrongdoing or any violation of federal, state, or common law as alleged in the Action. Nothing contained in this Settlement Agreement shall be construed as an admission of any liability by any party, and all parties agree not to offer this Settlement Agreement as evidence or otherwise use it in any judicial or administrative proceeding, except that this Settlement Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms, and in this proceeding to the extent otherwise set forth herein.

## Best Efforts

73.     Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. In the event that the Court fails to approve the Settlement or fails to issue the Final

Order and Judgment, the Parties agree to use all reasonable efforts, consistent with this Stipulation and Settlement Agreement to cure any defect identified by the Court.

## Miscellaneous Provisions

74.     The Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

75.     The Parties agree to support the final approval and implementation of this Agreement and defend it against objections, appeal, or collateral attack.  Neither the Parties nor their Counsel, directly or indirectly will encourage any person to object to the Settlement.

76.     The Parties agree that if any phrase, clause, paragraph, or provision of this Settlement Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, paragraph, or provision shall be deemed severed from this Settlement Agreement, but will not affect any other provisions of this Settlement Agreement, which shall otherwise remain in full force and effect.  If any waiver, release, or covenant not to sue is deemed to be illegal, invalid, or unenforceable in whole or in part, Defendant's obligations under this Settlement Agreement shall be nullified.

77.     The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of this Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

78.     Any disagreement and/or action to enforce this Settlement Agreement shall be commenced and maintained only in the Court in which the Action is pending.

79.     This Settlement Agreement shall be governed, construed, and enforced in accordance with the laws of the State of North Carolina.

80.     The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

81.     The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

**PLAINTIFFS:**

Executed this ___ day of August, 2018          by:     _Carla Matthews_
                08/22/2018
                                                        Carla Matthews

17

Executed this ___ day of August, 2018    by:    8/22/2018

_____
Faith Holloway

Executed this ___ day of August, 2018    by:    _____
Theresa Gibson

Executed this ___ day of August, 2018    by:    _____
Dina Bartolini

Executed this ___ day of August, 2018    by:    _____
Rita Taketa

**HYATT CORPORATION**

Executed this ___ day of August, 2018    by:    _____

Name: _____

Title: _____

Approved as to form and substance:

_____
Jesse L. Young
Kreis Enderle Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com

_____
Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com

Dated: _____
Attorneys for Plaintiffs, Opt-In Plaintiffs
and Class Members

Executed this ___ day of August, 2018     by: _____
                                               Faith Holloway

Executed this ___ day of August, 2018     by: _____
        08/22/2018                             Theresa Gibson

Executed this ___ day of August, 2018     by: _____
                                               Dina Bartolini

Executed this ___ day of August, 2018     by: _____
                                               Rita Taketa

**HYATT CORPORATION**

Executed this ___ day of August, 2018     by: _____

                                          Name: _____

                                          Title: _____


Approved as to form and substance:

_____
Jesse L. Young
Kreis Enderle Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com


_____
Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com


Dated: _____
Attorneys for Plaintiffs, Opt-In Plaintiffs
and Class Members

Executed this ___ day of August, 2018      by:      _____

Faith Holloway


Executed this ___ day of August, 2018      by:      _____

Theresa Gibson


Executed this 08/23/2018 day of August, 2018      by:      _____

Dina Bartolini


Executed this ___ day of August, 2018      by:      _____

Rita Taketa


**HYATT CORPORATION**

Executed this ___ day of August, 2018      by:      _____

                                       Name:      _____

                                       Title:      _____


Approved as to form and substance:

_____

Jesse L. Young
Kreis Enderle Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com


_____

Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com


Dated: _____
Attorneys for Plaintiffs, Opt-In Plaintiffs
and Class Members

Executed this ___ day of August, 2018          by:    _____
                                                       Faith Holloway


Executed this ___ day of August, 2018          by:    _____
                                                       Theresa Gibson


Executed this ___ day of August, 2018          by:    _____
                                                       Dina Bartolini


                    09/06/2018
Executed this ___ day of August, 2018          by:    _Rita Yaketa_____
                                                       Rita Yaketa


**HYATT CORPORATION**

Executed this ___ day of August, 2018          by:    _____

                                               Name:  _____

                                               Title: _____




Approved as to form and substance:

_____
Jesse L. Young
Kreis Enderle Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com


_____
Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com


Dated: _____
Attorneys for Plaintiffs, Opt-In Plaintiffs
and Class Members

18

Executed this ___ day of August, 2018     by:     _____

                                                            Faith Holloway

Executed this ___ day of August, 2018     by:     _____

                                                            Theresa Gibson

Executed this ___ day of August, 2018     by:     _____

                                                            Dina Bartolini

Executed this ___ day of August, 2018     by:     _____

                                                            Rita Taketa

**HYATT CORPORATION**

Executed this ___ day of August, 2018     by:     _____

                                     Name: MARK VONDRASEK

                                     Title: CHIEF COMMERCIAL OFFICER

Approved as to form and substance:

_____
Jesse L. Young
Kreis Enderle Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003
jyoung@kreisenderle.com

_____
Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com

Dated: _____
Attorneys for Plaintiffs, Opt-In Plaintiffs
and Class Members

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT

## *Matthews, et al. v. Hyatt Corporation*

A settlement (the "Settlement") has been reached in the lawsuit currently pending in the United States District Court for the Western District of North Carolina entitled *Carla Matthews et al. v. Hyatt Corporation*, Case No. 3:17-cv-00413 (the "Lawsuit"). As explained in more detail below, you are eligible to receive a portion of the Settlement.

| A. | PURPOSE OF THIS NOTICE |
|---|---|

The Court has approved, for settlement purposes, distribution of this notice to all current and former Remote Associates employed by Hyatt Corporation (hereinafter "Defendant") between January 11, 2015 and August 10, 2018 ("Potential Class Members").

According to Defendant's records, you are a Potential Class Member and are eligible to participate in the Settlement. The purpose of this Notice is to inform you about the Settlement and to discuss your rights and options so that you may make an informed decision on whether to participate, opt-out of the Settlement, or participate and lodge a written objection to the Settlement terms as provided in this Notice.

| B. | DESCRIPTION OF THE LAWSUIT |
|---|---|

The Lawsuit was filed in the United States District Court for the Western District of North Carolina by *Carla Matthews, Faith Holloway, Theresa Gibson, Dina Bartolini, and Rita Taketa* ("Plaintiffs") against Hyatt Corporation ("Defendant"). Plaintiffs allege on behalf of themselves and others that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, various state laws, and contract law by failing to pay them for all hours worked, including overtime hours, performing pre-shift and post-shift activities of booting up computers and logging into and out of computer systems, along with mid-shift technical downtime issues. Defendant denies the allegations and asserts, among other defenses, that Plaintiffs and all others were properly paid for all hours worked including overtime.

This Settlement is the result of arms-length negotiations between the Plaintiffs and the Defendant and their respective attorneys. Both sides agree that this Settlement is fair and appropriate under the circumstances to resolve any unpaid wages claimed.

The attorneys for the Plaintiffs and Potential Class Members in the Lawsuit (Class Counsel) are:

> Jesse L. Young
> Kreis Enderle Hudgins & Borsos, P.C.
> 8225 Moorsbridge, PO Box 4010
> Kalamazoo, Michigan 49003
> jyoung@kreisenderle.com

Jason J. Thompson
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com

The attorneys for Defendant are:

Noah A. Finkel
Kara L. Goodwin
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
nfinkel@seyfarth.com
kgoodwin@seyfarth.com

On [INSERT], 2018, the Court granted preliminary approval of the Settlement.

## C.    SUMMARY OF THE TERMS OF THE SETTLEMENT

The material terms of the Settlement are as follows:

1. Defendant will allocate Seven Hundred and Twenty-Five Thousand Dollars and No Cents ($725,000.00) (the Maximum Settlement Amount) to pay: (a) Class Member claims; (b) Settlement administration costs; (c) Class Counsel's fees and litigation costs; and (d) Incentive awards to the class representatives.

2. Class Counsel will make an application to the Court for attorneys' fees in the amount of Two-Hundred Forty-Two Thousand and No Cents ($242,000.00) and costs in the amount of Forty Thousand and No Cents ($40,000).

3. After deducting from the Maximum Settlement Amount for Settlement administration costs, Class Counsel's fees and litigation costs, and Incentive awards, Defendant will use the net amount to pay each Potential Class Member who does not submit a timely Opt-Out Form to be excluded from the Settlement as follows:

   (a) To all Opt-In Plaintiffs, and to all Class Members who reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $9.54 per workweek.

   (b) To Class Members who did not previously file consent forms to opt in to the FLSA claim and do not reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $2.30 per workweek.

2

(c) If necessary, all settlement payments to Opt-In Plaintiffs and Class Members will be reduced and paid on a *pro rata* basis from the Settlement Fund Balance.

4. Potential Class Members who do not submit a timely Opt-Out Form to be excluded from the Settlement will receive a one-time payment as set forth above. Note that if you do nothing, you will receive a payment and will release your wage and hour claims against Defendant.

5. Each Potential Class Member who does not submit a timely Opt-Out Form and receives and cashes the payment from the Settlement shall be deemed to release and discharge Defendant for all claims, liabilities, and causes of action of every description whatsoever by the Potential Class Member related to any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, interest, attorneys' fees, and litigation costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any state or common law that accrued from January 11, 2015 through August 10, 2018 which includes the time he/she was employed by Defendant as a Remote Associate, including without limitation, claims for wages, premium pay, overtime pay, penalties, liquidated damages, punitive damages, interest, attorneys' fees, and litigation costs. **No Potential Class Member will be discriminated or retaliated against for participating in the Settlement**.

6. Any payments from the Settlement made to Potential Class Members that are unclaimed or uncashed shall be provided to _____ .

---

**D. OBJECTIONS AND FINAL APPROVAL HEARING ON SETTLEMENT**

---

If you believe that the proposed Settlement is inadequate, you may object to the Settlement by filing a written Objection clearly describing why you believe the settlement is not fair or reasonable with the Court and mailing a copy of each to Defendant's and Plaintiffs' Counsel at the addresses above *post-marked no later than [INSERT DATE 30 DAYS AFTER NOTICE WAS SENT]*. Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number.

If you simply do not want to be included in the settlement for any reason, *your Opt-Out Form must be post-marked no later than [INSERT DATE 30 DAYS AFTER NOTICE WAS SENT]*.

*Late or incomplete Objections or Opt-Out Forms will <u>not</u> be honored*.

The Court will hold a Final Settlement Approval Hearing regarding the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, and the Incentive Awards on [INSERT DATE AND TIME], United States District Court for the Western District of North Carolina, 401 West Trade Street, Room 201, Charlotte, NC 28202. At the hearing, Potential Class Members will be permitted to voice any objection to the

proposed settlement by appearing in person or by submitting valid written objections in advance. If the Court were to find the Settlement unfair, it would be rendered null and void and the parties would revert to their prior litigation status. If the Settlement were found to be fair, it would be approved, the Defendant would be directed to distribute payments, and the case would be closed. The Final Settlement Approval Hearing may be continued without further notice to Potential Class Members.

| E. | SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|---|

| **DO NOTHING** | If you do nothing, you will receive a payment as a part of the Settlement and, if you cash or deposit that payment, you will release your wage and hour claims against Defendant. |
|---|---|
| **OPT-OUT** | To opt-out of the Settlement, you must complete and mail back the enclosed "Opt-Out Form" and it must be postmarked by [INSERT DATE 30 DAYS FROM DATE NOTICE WAS SENT]. If you choose to opt-out of the Settlement, you will not be entitled to any payment and you will not be entitled or permitted to assert an objection to the Settlement. You will retain all of your legal claims. |
| **OBJECT** | You may object to the Settlement by filing a written Objection clearly describing why you believe the Settlement is not fair or reasonable and mail a copy of each to the Settlement Administrator and Defendant's and Class Counsel at the addresses above. You must object in writing by [INSERT DATE 30 DAYS FROM DATE NOTICE WAS SENT] in order to speak to the Court at the Final Approval Hearing (described above) about the fairness of the Settlement. Regardless of the ruling on your objection, you will be included in the Settlement. |

| F. | ADDITIONAL INFORMATION |
|---|---|

If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator at:

Simpluris, Inc.
P.O. Box 26170
Santa Ana, California 92799

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**INSTRUCTIONS REGARDING OPT-OUT FORM**

YOU MUST COMPLETE, SIGN, AND MAIL (OR FAX) THIS FORM ("OPT-OUT FORM") BY FIRST-CLASS U.S. MAIL TO THE SETTLEMENT ADMINISTRATOR ON OR BEFORE [*THIRTY DAYS AFTER MAILING*], 2018, ADDRESSED AS FOLLOWS, IN ORDER TO OPT-OUT OF THE SETTLEMENT.

---

MAIL OR FAX TO:

Simpluris, Inc.
P.O. Box 26170
Santa Ana, California 92799
Fax: XXX

---

1.    Please complete and sign this Opt-Out Form and mail or fax it to the address or facsimile number listed above in order to Opt-Out of the Settlement.

2.    It is your responsibility to keep a current address on file with the Settlement Administrator.  The Settlement Administrator may be reached toll free at xxx-xxx-xxxx or via mail at Simpluris, Inc., P.O. Box 26170, Santa Ana, California 92799, or via facsimile at XXX.

# EXHIBIT B

## OPT-OUT FORM

### *Matthews, et al. v. Hyatt Corporation*

### I.      PERSONAL INFORMATION

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number:  (_ _) _ _ _ - _ _ _ _

### II.      REQUEST FOR EXCLUSION

By signing and returning this Opt-Out Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein.  **I understand that this means that I will not receive any money or other benefits under the Settlement, and I will not be subject to the terms of the Settlement.**

### III.      MAILING INSTRUCTIONS

If you choose to return this Form, you must return it to the Settlement Administrator postmarked on or before [INSERT DATE 30 DAYS AFTER NOTICE WAS SENT], 2018 at the address listed below:

Simpluris, Inc.
P.O. Box 26170
Santa Ana, California 92799

### IV.      CERTIFICATION

I hereby certify that the contents of this Opt-Out Form are true and accurate, and that I have read and understand the Class Notice.

### V.      PLEASE SIGN BELOW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____     Date: _____

Print Name: _____

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

CARLA MATTHEWS, FAITH
HOLLOWAY, THERESA GIBSON,
DINA BARTOLINI, RITA TAKETA,
and all similarly situated individuals,

Case No.:   3:17-cv-00413

Hon. Robert J. Conrad

                    Plaintiffs,

v.

HYATT CORPORATION,
an Illinois corporation,

                    Defendant.

_____

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

At a session of said court held in the Western District of North
Carolina on the ___ day of _____, 2018

PRESENT:    HONORABLE ROBERT J. CONRAD
                      U.S. DISTRICT COURT JUDGE

This Action involves claims relating to alleged unpaid back wages under the Fair Labor

Standards Act ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et*

*seq.*, the state wage and hour laws of Colorado, Illinois, Missouri, North Carolina, and Ohio, and

under state common contract law, as both a collective action and Rule 23 class action.

The terms of the Settlement are set out in the Settlement Agreement fully executed as of

August 23, 2018 (the "Agreement" or "Settlement Agreement"), by the Named Plaintiffs, Carla

Matthews, Faith Holloway, Theresa Gibson, Dina Bartolini, and Rita Taketa ("Plaintiffs"), and

Defendant Hyatt Corporation ("Defendant").

Pursuant to the parties' Joint Motion for Preliminary Approval, the Court has preliminarily

1

considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. As discussed below, the Court preliminarily approves the parties' settlement and sets the following schedule for the further approval and administration of the settlement:

| EVENT | ANTICIPATED DATE |
|---|---|
| File Motion for Preliminary Approval Order; Settlement Agreement with Exhibits, including Class Notice; and Motion for Leave to File First Amended Class Action Complaint. | By August 23, 2018 |
| Entry of Preliminary Approval Order. | On or before August 31, 2018 |
| Defendant shall provide Settlement Administrator with the class list with last known mailing addresses | Within 7 days after the Preliminary Approval Order |
| Defendant shall provide the Settlement Administrator with the Initial Deposit for the notice and administration expenses. | Within 10 business days after the Preliminary Approval Order |
| Deadline for the Settlement Administrator to mail Class Notice and Opt-Out Forms. | Within 21 days after the Preliminary Approval Order |
| Deadline for Class Members to submit Opt-Out Form or object to the Settlement. | Within 51 days after the Preliminary Approval Order |
| Deadline for Parties to file responses to objections. | Within 10 days after objection deadline |
| Deadline for objectors to file replies in support of objections. | Within 3 days after objection response deadline |
| Deadline for filing Motion for Final Approval, Incentive Awards, Attorneys' Fees and Costs. | Within 60 days after Preliminary Approval Order |
| Final Approval Hearing and Entry of Final Approval Order. | On or before November 15, 2018 |
| Deadline for Claims Administrator to calculate individual payments to each Participant Claimant. | Within 7 days after the Opt-Out deadline |
| Defendant shall pay the Settlement Fund less the Initial Deposit into the Escrow Account | Within 10 business days after the Final Approval Order |
| Effective Date | 31 days after entry of Final Approval Order (or on the date of the Final Approval Order if no objections) |
| Deadline for Claims Administrator to mail Attorneys' Fees, Costs, and Enhancement Awards to Class Counsel. | One (1) business day after Effective Date |
| Deadline for Claims Administrator to mail individual payments to Participant Claimants. | Within 21 days after Effective Date |

2

Upon reviewing the Settlement Agreement and the papers submitted by the parties seeking preliminary approval of the Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Fed. R. Civ. P. 23 the Constitution of the United States, the Rules of this Court and any other applicable law have been met as to the Settlement Class defined in paragraph 2 below, in that:

(a)    The Court preliminarily finds, for purposes of settlement only, that each of the Plaintiffs have standing to represent the Settlement Class because they have potentially suffered damages and are members of the Settlement Class

(b)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Settlement Class is ascertainable from records kept by Defendants with respect to their employees and from other objective criteria, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(c)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 there are one or more questions of fact and/or law common to the Settlement Class.

(d)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the claims of the Plaintiffs are typical of the claims of the Settlement Class;

(e)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Plaintiffs will fairly and adequately

protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex wage and hour class actions.

(f)     The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 and upon consideration of the factors enumerated in Fed. R. Civ. P. 23 maintaining the Plaintiffs' claims as a class action is superior to other available means of adjudication in promoting the convenient administration of justice.

2.      **Class Certification:** The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies, for purposes of settlement only, the following Settlement Class:

> All current and former hourly Remote Associates who worked for Defendant from January 11, 2015 to August 10, 2018.

Further, the Court appoints the named Plaintiffs as representatives for the Settlement Class and appoints Kreis, Enderle, Hudgins & Borsos, P.C. and Sommers Schwartz, P.C as Class Counsel for the Plaintiffs and the Settlement Class. This certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against the Defendant, that (except for the purposes of the Settlement) this Action or any other action is appropriate for class treatment under Fed. R. Civ. P. 23.

4

3. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that: (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of the Plaintiffs' claims, (iii) Class Counsel, having substantial experience in FLSA collective actions and wage and hour class action cases, concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement must be given notice and an opportunity to be heard regarding final approval of the Settlement and other relevant matters.

4. **Class Notice:** The Plaintiffs and Class Counsel have presented to the Court a proposed Class Notice, attached as Exhibit "A" to the Settlement Agreement. The Court finds that such forms satisfy the requirements of Fed. R. Civ. P. 23 as it fairly and adequately: (a) describes the terms and effect of the Settlement Agreement, the Settlement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees from the Settlement Fund up to one-third of the $725,000.00 Settlement Fund, reimbursement of expenses from the Settlement Fund of approximately $40,000.00, and for Incentive Awards not to exceed a cumulative amount of $9,000 for the Named Plaintiffs for their service in such capacities, (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Class Notice may object to any of the relief requested. Plaintiffs and Class Counsel have proposed first class mail to communicate the notice to members of the Settlement

5

Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.

5.     **Attorneys' Fees and Costs and Class Representative Incentive Awards:** The Court has reviewed Class Counsels' memorandum of law and supporting affidavit and preliminarily approves their request for an award of fees not to exceed one-third of the $725,000.00 Settlement Fund, and expenses of approximately $40,000.00, as fair and reasonable. Further, upon consideration of the relevant authorities, the Court preliminarily approves the proposed Class Representative Incentive Awards as fair and reasonable. Both of these preliminary rulings are subject to final review and approval upon the Court's review of Class Counsel's Motion for Final Approval and consideration of any timely objection from a member of the Settlement Class.

6.     **Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, or to any term of the Settlement Agreement may file an objection. An objector must file with the Court a written objection that includes: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants.

The addresses for filing objections with the Court and service on counsel are as follows:

| **Class Counsel** | **Class Counsel** | **Defendant's Counsel** |
|---|---|---|
| Jesse L. Young | Jason J. Thompson | Noah A. Finkel |
| Kreis Enderle, P.C. | Sommers Schwartz, P.C. | SEYFARTH SHAW LLP |
| 8225 Moorsbridge | 1 Towne Square | 233 S. Wacker Drive |
| PO Box 4010 | Suite 1700 | Suite 8000 |
| Kalamazoo, MI 49003 | Southfield, MI 48076 | Chicago, Illinois 60606 |

Any objector or his, her, or its counsel (if any) must effect service of copies of the objection on

6

counsel listed above and file it with the Court by no later than the date set forth in the schedule above. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from the Court.

7.     **Final Approval Brief and Fee Petition:** Counsel shall file their Motion for Final Approval and Attorneys' Fees no later than the date set forth in the schedule above.

8.     **Fairness Hearing:** A hearing, is scheduled for the date set forth in the schedule above at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Room 201, Charlotte, NC 28202. (the "Fairness Hearing") to determine, among other things:

(a)     Whether the Settlement merits final approval as fair, reasonable and adequate;

(b)     Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)     Whether the notice method provided by the Parties: includes: (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the class; (4) a fairness hearing date; (5) a statement of the deadlines for filing objections to the settlement, and

7

for filing requests of exclusion; (6) the consequences of such exclusion; (7) the consequences of remaining in the settlement class; (8) a statement of the attorneys' fees, litigations expenses and estimated claims administration costs sought; and (9) information on how to obtain further information;

(d)     Whether Class Counsel adequately represented the Settlement Class for purposes of entering into the Settlement;

(e)     Whether the proposed Plan of Allocation should receive final approval pursuant to Rule 23;

(f)     Whether the Court's preliminary finding that a Class Counsels' one-third fee award and expense reimbursement award is reasonable in this case should receive final approval; and

(g)     Whether the Court's preliminary finding that the proposed Class Representative Incentive Awards are reasonable should receive final approval.

9.     **Appearance at Fairness Hearing:** If any objector files and serves a timely and valid written objection in accordance with the requirements above and the Court sets a hearing, they may appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the Settlement Class, on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than the date set forth in the schedule above. Any objector

8

who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court.

10. **Class Notice Expenses:** The expenses of printing and mailing and publishing all notices required hereby shall be paid as described in the Settlement Agreement.

11. **Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession, and shall make sure the same are electronically filed with the Court.

12. **Termination of Settlement:** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions prior to the Settlement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement or otherwise fails to become final and binding on the Parties, inclusive of any appeal.

13. **Use of Order:** This Order is not admissible as evidence for any purpose against the Defendants or any current or former affiliate, officer, director or agent of Defendant, in any pending or future litigation involving any of the Parties or otherwise. This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendant or any current or former affiliate, officer, employee or agent of Defendant of any fault, wrongdoing, breach, or liability and the Defendant specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against the Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by

9

Defendant to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken there under shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14. **Jurisdiction:** Pursuant to the Settlement Agreement entered into by the parties, the Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising there under.

15. **Bar Order:** Pending final determination of whether the Settlement should be approved, the Plaintiffs, the Defendant, and all members of the Settlement Class are each hereby barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any Released Claim against any Released Party, as those terms are defined in the Settlement Agreement.

16. **Continuance of Hearing:** The Court reserves the right to continue the Fairness Hearing without further written notice.

This Order does not resolve the last pending claim or close the case.

SO ORDERED on this day of _____, 2018.

_____
HON. ROBERT J. CONRAD
DISTRICT COURT JUDGE

10