UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-413-RJC-DCK

| | |
|---|---|
| CARLA MATTHEWS, FAITH HOLLOWAY, THERESA GIBSON, DINA BARTOLINI, RITA TAKETA, And all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br><br>HYATT CORPORATION, an Illinois corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, ENRTY OF JUDGMENT, AND ORDER OF DIMISSAL WITH PREJUDICE

**THIS MATTER** comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class/Collective Action Settlement, Named Plaintiff Incentive Awards, Settlement Administration Expenses, and Entry of Final Approval Order, (Doc. No. 66), Plaintiffs' Unopposed Motion for Final Approval of Class Counsel's Attorneys' Fees and Litigation Expenses, (Doc. No. 67), and the supporting briefs and exhibits, (Doc. Nos. 66–67).

WHEREAS, the Parties reached a settlement of the above-captioned matter that was preliminarily approved by this Court on December 21, 2018, (Doc. 63);

WHEREAS, the Parties have complied with the Court's preliminary approval order including sending settlement notice to the class according to the approved

1

notice plan and the period for objections and opt-outs has closed; and

WHEREAS, this Court conducted a final fairness hearing on February 26, 2019, in which the Court specifically reviewed all aspects of the settlement for fairness, reasonableness and adequacy, including the strength and weaknesses of the claims and defenses; the likelihood of class certification; the time and effort expended by the attorneys; the value obtained for the class and method of payment; the participation by the class; the lack of reversion rights to Defendant; the class members' lack of objections; the opt-out elections submitted; and adequacy of settlement notice, and was otherwise fully advised of the facts and circumstances of the proposed settlement;

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has examined and finds good grounds to approve the Parties' settlement as fair, reasonable and adequate pursuant to the standards for approval of a class settlement under Fed. R. Civ. P. 23(e).

2. The Court has reviewed and now approves the material terms of the Settlement Agreement, which are summarized as follows:

   a. Defendant will allocate Seven Hundred and Twenty-Five Thousand Dollars and No Cents ($725,000.00) (the Maximum Settlement Amount) to pay: (a) Class Member claims; (b) Settlement administration costs; (c) Class Counsel's fees and litigation costs; and (d) Incentive awards to the class representatives.

   b. Class Counsel will receive attorneys' fees in the amount of Two-Hundred Forty-One Thousand Six Hundred Sixty-Six and 66/100 Cents ($241,666.66) and costs not to exceed Forty Thousand and No Cents ($40,000).

   c. The Named Plaintiffs will receive Incentive Awards in the total amounts of Nine Thousand and No Cents ($9,000), to be allocated among them per the Settlement Agreement.

d. Simpluris, Inc. will receive administration costs in the total amount of Twenty Thousand and No Cents ($20,000).

e. After deducting from the Maximum Settlement Amount for administration costs, Class Counsel's fees and litigation costs, and Incentive Awards, Defendant will use the net amount to pay each Potential Class Member who does not submit a timely Opt-Out Form to be excluded from the Settlement as follows:

    (a) To all Opt-In Plaintiffs, and to all Class Members who reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $9.54 per workweek.

    (b) To Class Members who did not previously file consent forms to opt in to the FLSA claim and do not reside in Colorado, Illinois, Missouri, North Carolina, and Ohio, an amount equal to $2.30 per workweek.

    (c) If necessary, all settlement payments to Opt-In Plaintiffs and Class Members will be paid on a *pro rata* basis from the Settlement Fund Balance.

f. Each Potential Class Member who does not submit a timely Opt-Out Form and receives and cashes the payment from the Settlement shall be deemed to release and discharge Defendant for all claims, liabilities, and causes of action of every description whatsoever by the Potential Class Member related to any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, interest, attorneys' fees, and litigation costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any state or common law that accrued from January 11, 2015 through August 10, 2018 which includes the time he/she was employed by Defendant as a Remote Associate, including without limitation, claims for wages, premium pay, overtime pay, penalties, liquidated damages, punitive damages, interest, attorneys' fees, and litigation costs.

g. Any payments from the Settlement made to Class Members that are unclaimed or uncashed shall be provided to The Employee Rights Advocacy Institute for Law & Policy.

    3. The Court finds that the Settlement Agreement constitutes a fair result given the totality of the circumstances facing Plaintiffs and the Class. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged

litigation. "There is a strong judicial policy in favor of settlements, particularly in the class action context." *Case v. Plantation Title Co.*, 2015 U.S. Dist. LEXIS 33580, *22 (D.S.C. Mar. 5, 2015) (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2nd Cir. 1998).

4. The present Collective/Class Action Settlement was reached after prolonged arm's length negotiations by experienced counsel on both sides. The terms of this Settlement as outlined above and as set forth in detail in the Settlement Agreement represent an excellent result achieved by experienced counsel for Plaintiffs and Defendant.

5. The fact that no class members filed an objection, and that only 15 of 1,026 Class Members chose to opt-out (1.46%), also weighs in favor of finding that the settlement is fair, reasonable, and adequate. Likewise, the final approval order is being entered well after the 90-day waiting period under the Class Action Fairness Act, 28 U.S.C. § 1715(d)) (which expired on December 6, 2018), and there being no objections filed by a government official.

6. The Court hereby grants final approval of the Parties' Settlement Agreement pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and § 216(b) of the FLSA as agreed to by the Parties. Approval is based upon: (a) the relative strength of Plaintiffs' case and Defendant's defenses on the merits; (b) the existence of any difficulties of proof or strong defenses Plaintiffs and the Class are likely to encounter if the case goes to trial; (c) the anticipated duration and expense of litigation; (d) the amount of informal discovery completed and the character of the

evidence uncovered by the Parties; (e) the fairness of the Settlement, as set forth on the record by counsel, to the Class Members; (f) the fact that the Settlement is the product of extensive arms-length negotiations between the Parties; (g) the fact that any proposed Class Member who disagreed with the Settlement could have opted out by personally signing the Opt-Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this Settlement is consistent with the public interest.

7. The Court finds that based on the settlement administrator's declaration filed in this matter and representations of all counsel in pleadings and at the final fairness hearing that the plan for Class Notice was completed and satisfied the requirements of due process and Rule 23 (c)(2)(B). Therefore, this order and final judgment has binding effect on all class members and the Parties' settlement terms, including the release of claims.

8. Pursuant to Rule 23(c)(3), the Court hereby certifies the following Rule 23 class for settlement purposes only:

> All current and former hourly Remote Associates who worked for Defendant from January 11, 2015 to August 10, 2018.

9. Pursuant to the collective action procedures of Section 216(b) of the FLSA, the Court grants final approval as to all FLSA aspects of the settlement.

10. The Court confirms its appointment of the Named Plaintiffs as Representatives of the Rule 23 class and finds that they meet the requirements of Rule 23(a)(4).

11. The Court approves payment of enhancement awards to Named

5

Plaintiff, Carla Matthews, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), and Named Plaintiffs Faith Holloway, Theresa Gibson, Dina Bartolini and Rita Taketa in the amount of One Thousand Dollars and Zero Cents ($1,000.00) each.

12. The Court approves payment of attorneys' fees to Class Counsel in the amount of Two Hundred Forty-One Thousand Six Hundred Sixty-Six Dollars and 66/100 Cents ($241,666.66) and litigation expenses not to exceed Forty Thousand Dollars and Zero Cents ($40,000.00). In the event Class Counsel's litigation expenses do not exceed this amount, any leftover monies will be re-distributed to the Class on a *pro rata* basis.

13. The Court approves payment to Simpluris, Inc. in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00).

14. The Court further confirms pursuant to Rule 23(g) its appointment of Plaintiffs' Counsel, Kreis, Enderle, Hudgins & Borsos, P.C. and Sommers Schwartz, P.C., as Class Counsel and that they have fairly and adequately represented the interests of the Class, and hereby directs them to continue in their capacity if any further action is required in this case.

15. The Parties' Settlement is approved in all other respects.

16. The Court has jurisdiction to enter this Order and Judgment approving the settlement and dismissing all claims by Plaintiffs and the Class pursuant to the settlement agreement with prejudice, and hereby does dismiss those claims, and expressly retains jurisdiction as to all matters relating to the administration,

consummation, enforcement and interpretation of the Settlement.

    **SO ORDERED.**

Signed: February 26, 2019

Robert J. Conrad, Jr.
United States District Judge